IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOHN L. HICKS,                  )
                                )
        Plaintiff,              )
                                )
    v.                          )       1:19-cv-115
                                )
GALBERTH SADIE, et al.,         )
                                )
        Defendants.             )
```

**ORDER**

Pending before this court is Defendant Micheal Johnston's motion for judgment as a matter of law, made pursuant to Fed. R. Civ. P. 50 during trial, and this court's sua sponte consideration of sanctions as to Plaintiff's litigation misconduct. This court finds the motion for judgment as a matter of law should be denied as moot. However, this court will issue a show cause order in determining whether sanctions will be imposed as explained hereafter.

**I.  Motion For Judgment as a Matter of Law Pursuant to Rule 50**

At the close of Plaintiff's evidence and at the close of all the evidence, Defendant moved for judgment as a matter of law on Plaintiff's claims. This court denied those motions except as to one issue, which the court took under advisement. The issue is whether, under Heck v. Humphrey, Plaintiff's claim is barred because a favorable verdict would have necessarily

implied the invalidity of Plaintiff's prior disciplinary proceeding. 512 U.S. 477, 487–88 (1994); see also Edwards v. Balisok, 520 U.S. 641, 646 (1997). In light of the jury's verdict in favor of Defendant, this court finds the issue is moot.

Analysis of this issue starts with this court's review of the advisory committee's notes to the 1991 amendment to Fed. R. Civ. P. 50(b).

> Often it appears to the court or to the moving party that a motion for judgment as a matter of law made at the close of the evidence should be reserved for a post-verdict decision. This is so because <u>a jury verdict for the moving party moots the issue</u> and because a pre-verdict ruling gambles that a reversal may result in a new trial that might have been avoided. For these reasons, the court may often wisely decline to rule on a motion for judgment as a matter of law made at the close of the evidence, and it is not inappropriate for the moving party to suggest such a postponement of the ruling until after the verdict has been rendered.

Fed. R. Civ. P. 50(b) advisory committee's note to 1991 amendment (emphasis added); see G.P.P., Inc. v. Guardian Prot. Prod., Inc., No. 1:15-CV-00321-SKO, 2018 WL 347783, at *4–5 (E.D. Cal. Jan. 10, 2018) (citing the advisory committee's note); Silva v. Chung, No. CV 15-00436 HG-KJM, 2019 WL 11234196, at *2 (D. Haw. June 19, 2019) (referencing the same).

The Eastern District of California considered the issue at some length and determined:

Rule 50(b) therefore "does not permit a party in whose favor the verdict was rendered to renew its motion because 'a jury verdict for the moving party moots the issue.'" Lyon Dev. Co. v. Bus. Men's Assur. Co. of Am., 76 F.3d 1118, 1122 (10th Cir. 1996) (quoting Fed. R. Civ. P. 50(b) advisory committee's note to 1991 amendment). Because a jury verdict was rendered and judgment entered in GIS's favor on Guardian's Second, Third, Fourth, and Fifth Counterclaims, GIS's Renewed Motion as to those Counterclaims is moot. See Madrigal v. Allstate Indem. Co., No. CV 14-4242 SS, 2015 WL 12748272, at *2 (C.D. Cal. Dec. 7, 2015) (denying as moot motion for judgment as a matter of law on promissory fraud and punitive damages claims where the moving party "obtained the ultimate relief it sought in its motion" after the jury concluded that the moving party "was not liable on those counts"); accord Genband US LLC v. Metaswitch Networks Corp., No. 2:14-CV-33-JRG, 2016 WL 7650735, at *4 (E.D. Tex. Sept. 29, 2016) ("While Federal Rule of Civil Procedure 50(b) permits Genband to request entry of judgment 'notwithstanding an adverse jury verdict,' it does not allow Genband to seek advisory opinions from the Court on issues it has already prevailed on."); Peeler v. KVH Indus., Inc., 13 F. Supp. 3d 1241, 1248 (M.D. Fla. 2014) ("As repeatedly emphasized herein, Peeler is the party who prevailed at trial, in light of which the Court previously denied as moot Peeler's Rule 50(a) motion for judgment as a matter of law. The Court adheres to its previous determination that Peeler's Motion under Rule 50(b) is moot in light of the verdict in his favor."); TransWeb, LLC v. 3M Innovative Props. Co., 16 F. Supp. 3d 385, 407 (D.N.J. 2014) ("3M also moves for Judgment as a Matter of Law on the antitrust claims. Because the jury returned a verdict in 3M's favor on the sham litigation claim, the motion is moot as to that issue.")

. . . .

In sum, GIS offers no pertinent legal authority to support its position that a court may grant a Rule

> 50(b) renewed motion for judgment as a matter of law on "issues" relating to claims for which the jury returned a verdict in favor of the moving party, and it largely ignores the weight of authority holding to the contrary. . . . The Court declines GIS's invitation to render rulings that would do nothing more than "bolster" or "improve" a judgment that is already in GIS's favor. See Phillips v. Cmty. Ins. Corp., 678 F.3d 513, 519 n.3 (7th Cir. 2012) ("It would waste time and resources to require a party to move for judgment as a matter of law under Rule 50(b), formerly denominated 'judgment notwithstanding the verdict,' if that party has obtained a jury verdict in its favor.").

G.P.P., Inc., 2018 WL 347783, at *4-6 (cleaned up); see also Silva, 2019 WL 11234196, at *2 ("Courts have widely held that where the jury verdict is in favor of the moving party, the party's Rule 50(a) motion becomes moot."); Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l, Inc., No. 09-2518-JAR, 2015 WL 13642257, at *1 (D. Kan. Sept. 11, 2015) ("[T]he jury ultimately returned a verdict in favor of Mitchell on both claims in this matter. Accordingly, Mitchell's motions for judgment as a matter of law are moot.")

Although this court is not able to find any authority from the Fourth Circuit on this issue, the weight of authority suggests that a Rule 50(a) motion is mooted by a jury's verdict in favor of the movant. This court agrees and finds no convincing reason to depart from that rule on the current facts.

The motion to dismiss will be denied as moot.[1]

## II. Sanctions

During the trial, Plaintiff admitted that he had not written, read, or reviewed documents he filed. Of particular significance, Plaintiff admitted the verified amended complaint, (Doc. 22), and Plaintiff's Opposition to Defendant's Motion with Memorandum of Law, (Doc. 59), were prepared by other individuals based upon their review of documents and without direction from Plaintiff. Plaintiff verified the contents of both documents. The amended complaint contains the following certification:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint['s] . . . factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

(Doc. 22 at 40.) Plaintiff neither read nor had anyone read the contents of the amended complaint to him and therefore had no idea what the factual contentions were.

---

[1] If the motion was in fact ripe, the effect of the holding in Heck is complicated by the fact that Plaintiff testified he was knocked unconscious by the alleged strike by Defendant. "When prison officials maliciously and sadistically use force to cause harm, . . . contemporary standards of decency always are violated whether or not significant injury is evident. . . . Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins v. Gaddy, 559 U.S. 34, 37–38 (2010) (cleaned up). It therefore appears the Heck issue may be related to the level of injury for which Plaintiff could recover. Nevertheless, a finding on this issue is rendered moot by the jury verdict in favor of Defendant.

- 5 -

Similarly, Plaintiff verified the contents of his response in opposition to summary judgment with the following:

> Under penalty of perjury, I believe the above written Opposition to be true and accurate, upon information and belief, having read such.

(Doc. 59 at 14.) Plaintiff had not read the response, nor had he had someone read the response to him, and therefore had no idea what information was contained in the response, nor whether that information was true or accurate. Plaintiff admitted some of the information was false. Specifically, Plaintiff admitted that his opposition to summary judgment contained false information about the absence of a laceration and a swollen lip.

Plaintiff's verifications are clearly material. First, the Magistrate Judge and this court relied upon facts set forth in Plaintiff's verified amended complaint in ruling upon Defendant's motion for summary judgment. (See Doc. 61 at 3, 29 ("In opposition to the Motion, Plaintiff submitted his verified response").) As the Magistrate Judge recognized, "factual allegations in a complaint or other court filing constitute evidence for summary judgment purposes only if sworn or otherwise made under penalty of perjury." (Id. at 35.)

As a result of Plaintiff's response to summary judgment, the Magistrate Judge found that

> Plaintiff had submitted to handcuffs prior to Sgt. Johnston taking custody of Plaintiff (Docket Entry 22 at 9-10) and engaged in "no resistance []or combative

>     behavior" during Sgt. Johnston's escort to Receiving
>     (id. at 12). A material factual dispute also remains
>     as to whether Sgt. Johnston applied only the force
>     necessary to maintain control of Plaintiff (even
>     assuming Plaintiff's recent assault on two
>     correctional officers warranted increased control
>     notwithstanding Plaintiff's submission to handcuffs
>     and (at least temporary) cessation of combative
>     behavior). (See, e.g., id. at 11-12 (averring that
>     Sgt. Johnston made comments evidencing intent to
>     retaliate while applying pressure to Plaintiff's
>     handcuffed arms).) Finally, the excessive force
>     analysis does not hinge on whether or not Plaintiff
>     "complained about any injuries to his hands, wrists,
>     or fingers" (Docket Entry 53 at 21). See Dean, 984
>     F.3d at 303. Accordingly, the Court should reject
>     Defendants' challenges to the escort-related aspects
>     of Plaintiff's excessive force claim.

(Id. at 56 (cleaned up).) Even though this claim was later abandoned at trial, Plaintiff's fraudulent pleadings materially affected the summary judgment analysis.

Similarly, Plaintiff's fraudulent pleadings as to the alleged strike by Sgt. Johnston were relied upon to defeat summary judgment. (Id. at 57-59.)

Plaintiff's failure to read, review, or have any knowledge whatsoever of his pleadings is litigation misconduct.[2] First, Fed. R. Civ. P. 11 provides:

>     By presenting to the court a pleading, written motion,
>     or other paper — whether by signing, filing,
>     submitting, or later advocating it — an attorney or
>     unrepresented party certifies that to the best of the

---

[2] To be clear, Plaintiff's pro bono counsel had nothing to do with the litigation misconduct described herein and were likely unaware of it. Plaintiff's counsel was appointed long after Plaintiff submitted his pleadings in a pro se capacity.

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

. . .

>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Second, the fraudulently verified pleadings resulted in the presentation of false information to the court. Third, the fraudulently verified pleadings make it difficult to know what, if any of Plaintiff's allegations were truly based upon honest information or whether Plaintiff's misconduct extends to the complete falsification of his claim. Under the circumstances described by Plaintiff, it is not clear whether Plaintiff's scriveners supplied the story or whether Plaintiff supplied the story.

Plaintiff's litigation misconduct will not be overlooked or accepted by this court. While this court recognizes that Plaintiff's alleged inability to read and write above a third-grade level may constitute a formidable barrier to bringing substantive claims in federal court, if Plaintiff can find someone to write his pleadings for him, he can find someone to read those pleadings to him to verify their accuracy.

"Our legal system allows indigent prisoners access to the justice system to vindicate their rights. If this conduct is tolerated, it would encourage meritless claims being brought by pro se prisoners . . . False evidence and false testimony would be offered without compunction." Matthews v. Moss, No. 09-22117-CV-Moore/White, 2011 WL 13134350 (S.D. Fla. Sept. 13, 2011). Plaintiff's conduct is unquestionably an abuse of access to this court.

This court has the inherent power to address litigation misconduct. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citations omitted). In addition to the inherent power to address litigation misconduct, this court has the express power to impose sanctions. Fed. R. Civ. P. 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.").

This court finds a show cause order should issue pursuant to Fed. R. Civ. P. 11(c)(3) prior to entry of the judgment. Plaintiff will appear and show cause why Plaintiff's conduct, as described in this order, does not violate Fed. R. Civ. P. 11(b).

- 9 -

Should this court find a sanction is necessary, this court is considering an order to pay a penalty into this court.

Plaintiff's pro bono counsel may, but are not required to, continue their representation of Plaintiff during this show cause proceeding.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss pursuant to Rule 50 of the Federal Rules of Civil Procedure is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff John L. Hicks will appear before this court in Courtroom 1, 324 W. Market Street, Greensboro, North Carolina on the 18th day of May, 2023, at 11:00 a.m. and show cause why an order should not be issued pursuant to Rule 11 of the Federal Rules of Civil Procedure sanctioning Plaintiff for violating Rule 11 by falsely certifying the amended complaint, (Doc. 22), and Plaintiff's Opposition to Defendant's Motion with Memorandum of Law, (Doc. 59).

**IT IS FURTHER ORDERED** that a copy of this order be personally served upon the Plaintiff.

This the 19th day of April, 2023.

_____
United States District Judge

- 10 -

Case 1:19-cv-00115-WO-LPA   Document 99   Filed 04/19/23   Page 10 of 10