IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN L. HICKS,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )          1:19-cv-115
                                  )
GALBERTH SADIE, et al.,           )
                                  )
        Defendants.               )

## ORDER

On April 19, 2023, this court entered its order directing Plaintiff, John L. Hicks, to appear and show cause why an order should not be issued pursuant to Rule 11 of the Federal Rules of Civil Procedure sanctioning Plaintiff for violating Rule 11 by falsely certifying the amended complaint, (Doc. 22), and Plaintiff's Opposition to Defendant's Motion with Memorandum of Law, (Doc. 59). (Doc. 99.) On May 18, 2023, a hearing was held. Plaintiff was present along with counsel. Defendant was represented by James B. Trachtman. No additional evidence was presented. The court heard arguments from the Plaintiff and made preliminary findings during the hearing. Those findings are incorporated by reference herein.

This court finds that Plaintiff violated Fed. R. Civ. P. 11(b) which prohibits a party from presenting to the court a pleading, written motion, or other paper which is false.

Plaintiff, in a pro se capacity, submitted a complaint which contained the following certification:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint['s] . . . factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

(Doc. 22 at 40.) Plaintiff neither read nor had anyone read the contents of the amended complaint to him. As a result, Plaintiff knowingly made a false statement to the court when he certified that the complaint's factual contentions have evidentiary support because he did not know the contents of the complaint. (See Doc. 99.)

This court further finds Plaintiff violated Fed. R. Civ. P. 11(b) when, in a pro se capacity, Plaintiff submitted a response in opposition to summary judgment which contained the following certification:

> Under penalty of perjury, I believe the above written Opposition to be true and accurate, upon information and belief, having read such.

(Doc. 59 at 14.) Plaintiff had not read the response, nor had he had someone read the response to him, and therefore had no idea what information was contained in the response, nor whether that information was true or accurate. Plaintiff knowingly and

- 2 -

falsely certified the contents of his response to the motion for summary judgment. (See Doc. 99.)

As a result of Plaintiff's knowing submission of false statements to this court, Plaintiff violated Fed. R. Civ. P. 11(b) with respect to falsely certifying the contents of documents about which he had no knowledge.

Having found that Rule 11(b) has been violated, this court has the authority to "impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). This court finds an appropriate sanction is a fine of $750.00.

However, this court finds in mitigation of Plaintiff's litigation misconduct that Plaintiff was proceeding pro se when he submitted the false statements, he does not appear to have engaged in a pattern of filing lawsuits, and has, to the knowledge of this court, not previously filed a lawsuit later determined to be frivolous. Plaintiff has also accepted the verdict of the jury and elected not to appeal. This court finds these facts mitigate Plaintiff's contemptuous actions. This court will therefore stay this order for a period of three years. If, during that time, this court or any other court should find Plaintiff has violated Fed. R. Civ. P. 11, the stay shall dissolve and Plaintiff shall pay to the Clerk of the

- 3 -

Middle District of North Carolina the sum of $750.00. If Plaintiff does not engage in any further litigation misconduct during the three-year period, this order shall be withdrawn by its own terms and be of no force and effect.

**IT IS THEREFORE ORDERED** that Plaintiff is in **CONTEMPT OF COURT** for the reasons set forth herein and fined the sum of $750.00, due and payable immediately, to the Clerk of Court for the Middle District of North Carolina.

**IT IS FURTHER ORDERED** that this order is hereby **STAYED** for a term of three years. If, during the three-year term, this court or any other court should make a subsequent finding that Plaintiff has violated Fed. R. Civ. P. 11, this stay shall be **DISSOLVED** and Plaintiff shall immediately comply with this order by paying to the Clerk the sum of $750.00. If Plaintiff is not found by this or any other court to have engaged in an additional violation of Fed. R. Civ. P. 11 during the three-year term, this order is **WITHDRAWN** and Plaintiff is discharged from any obligation to pay the fine set forth herein.

This the 19th day of May, 2023.

_____
United States District Judge

- 4 -